# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **JOSIE HATUEY,** | ) | **Case No.:** |
| Plaintiff**,** | ) | |
| | ) | **COMPLAINT AND DEMAND** |
| **v.** | ) | **FOR JURY TRIAL** |
| | ) | |
| **IC SYSTEM,** | ) | **(Unlawful Debt Collections** |
| | ) | **Practices)** |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

JOSIE HATUEY ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against IC SYSTEM ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.     This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant regularly conducts business in the Commonwealth of Massachusetts, therefore personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in Roxbury, Massachusetts 02119.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.    In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692 (k)(a) and <u>Wenrich v. Cole</u>, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.    Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39). Defendant is a corporation with its principal place of business located at 444 Highway 96 East, St. Paul, Minnesota 55164.

9.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10.    Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.    Plaintiff has a cellular telephone that he has had for at least one year.

13.    Plaintiff has only used this phone as a cellular telephone.

14.    By way of background, beginning in or around September 2015, Defendant began to call Plaintiff repeatedly on his cellular telephone.

15.    At this time Plaintiff had just obtained a new cellular telephone.

16.    Defendant has been contacting Plaintiff regarding an unknown third party named Brian O'Neill.

17.    Defendant's collectors called Plaintiff from telephone numbers including, but not limited to: (603) 414-1924. The undersigned has confirmed that this number belongs to Defendant.

18.    Shortly after these repeated calls began, Plaintiff spoke to Defendant and informed Defendant they were calling a wrong number and requested that their calls stop immediately.

19.    Defendant heard and acknowledged Plaintiff's request to stop calling by responding that they would take his phone number off their list.

20.     However, Defendant ignored this request and calls continued through December 2016.

21.     Specifically, between December 2015 and December 2016, Plaintiff received repeated unwanted and harassing calls from Defendant for a third party.

22.     Once Defendant knew its calls were unwanted, there was no purpose for these continued calls other than harassment.

23.     During this time, Defendant placed calls to Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

24.     Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice because calls would begin with a pre-recorded voice or recording before he would be transferred to speak to one of Defendant's collectors.

25.     Since these calls were annoying and aggravating for Plaintiff, he took measures to block Defendant's phone number by downloading a blocking application to his cellular telephone after his request to stop calling was ignored by Defendant.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

26.     A debt collector violates §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27.     A debt collector violates §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28.     Defendant violated these sections when it placed repeated and continuous harassing telephone calls to Plaintiff between December 2015 and the December 2016 knowing these calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

29.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

31.     Defendant's calls to Plaintiff were not made for emergency purposes as they were attempting to contact an unknown third party.

PLAINTIFF'S COMPLAINT

32.   Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

33.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34.   The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.


WHEREFORE, Plaintiff, JOSIE HATUEY, respectfully prays for judgment as follows:

a.   All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

d.      All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e.      Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f.      Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h.      Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOSIE HATUEY, demands a jury trial in this case.

Respectfully submitted,

Dated: December 16, 2016

/s/ Craig Thor Kimmel
Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT